

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2006

# USA v. Allen

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3234

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"USA v. Allen" (2006). *2006 Decisions.* Paper 76.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/76

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No.  05-3234

———————

UNITED STATES OF AMERICA

v.

DANIEL ALLEN,
Appellant

———————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No.  04-cr-00416-1)
District Judge:  Honorable Mary Little Cooper

———————

Submitted Under Third Circuit LAR 34.1(a)
November 27, 2006

Before:  RENDELL and AMBRO, Circuit Judges,
and PRATTER*, District Judge.

(Filed
December 19, 2006)

———————

OPINION OF THE COURT

———————

* Honorable Gene E. K. Pratter, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation.

RENDELL, Circuit Judge.

Daniel Allen appeals from his sentencing by the District Court, a sentence which designated Allen as a career offender. Allen contends that his previous convictions should not have been counted in determining his career offender status, and that the District Court should have departed downward from the advisory range because his criminal history category overstated the seriousness of his past offenses. We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3742 and we will affirm.

I.

Allen pled guilty to one count of possession with intent to distribute heroin. As part of the plea agreement, Allen stipulated to a base offense level of 26, or, if he was deemed to be a career offender, a base offense level of 32. However, he reserved the right to argue that he was not in fact a career offender and that he was entitled to a downward departure based upon his criminal history. He did so but the sentencing judge, calculating the advisory Guideline range, disagreed and sentenced him as a career offender. Allen contends that neither of his predicate felony offenses should have led to his classification as a career offender under the guidelines, because the first conviction occurred while he was a juvenile and the second occurred while he was proceeding *pro se*.

Under the career offender guidelines, "prior felony conviction" means:

> [A] prior adult federal or state conviction for an offense
> punishable by death or imprisonment for a term exceeding
> one year . . . . A conviction for an offense committed prior to

2

age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted . . . .

U.S.S.G. § 4B1.2, app. n. 1.

Here, Allen concedes that his aggravated assault offense was "waived" to adult court and he was treated as an adult "for purposes of conviction and sentencing." Allen received seven years' imprisonment with three years' parole eligibility. Clearly, this assault was treated as an adult conviction under the laws of New Jersey and Allen does not seriously contest this fact. Allen simply asserts that "arguably, this first conviction should not be counted as he was less than 18 years old at the time he was convicted." The District Court properly counted this conviction as one of the two prior felony convictions under the career offender guidelines.

With respect to the second predicate conviction, namely, the 2002 drug trafficking conviction, Allen contends that this conviction should not have been counted because he was never provided counsel. He proceeded *pro se* in the 2002 case and the transcript of the proceedings of his guilty plea and sentence has not been located. These facts, Allen argues, overcome the "presumption of regularity" that ordinarily applies to criminal convictions. *United States v. Jones*, 332 F.3d 688, 697 (3d Cir. 2003). However, *Jones* places the burden of establishing that this conviction "suffers a constitutional infirmity" on Allen, *id.* at 697, and the absence of a transcript is insufficient to meet that burden, especially where "events occurred . . . several decades after the Supreme Court

3

recognized the constitutional right to counsel for all criminal defendants." *Id.* at 698. Allen offers no proof that his waiver of counsel was not made knowingly and voluntarily; Allen has not bolstered his claim with any affidavit or other account. Accordingly, we conclude that the District Court did not err in imposing the career offender enhancement.

Allen also challenges the District Court's refusal to depart downward because his criminal history category overstated the seriousness of his past offenses. In response, the government argues that we lack jurisdiction over this discretionary determination of the District Court. It is clear that, pre-*Booker*, we lacked such jurisdiction, *see United States v. Powell*, 269 F.3d 175, 179 (3d Cir. 2001), and we note that, post-*Booker*, we have stated that we will not disturb or second-guess a district court's discretionary refusal to depart downward if the ultimate sentence is reasonable. *See United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006). The applicable advisory Guideline range was 151-188 months. The District Court granted a variance from the Guidelines and sentenced Allen to 108 months. We have little difficulty concluding that this sentence was reasonable. Considering Allen's two prior felony convictions and two juvenile adjudications, in addition to the seriousness of the offense of conviction – dealing heroin while possessing four firearms – we conclude that the sentence was reasonable.

For the reasons set forth above, the sentencing order will be affirmed.

4